IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SARA C. CHAISSON                                                                          PLAINTIFF

      v.                               Civil No.   14-5288

DUSTIN JOHNSON, Drug Task Force (DTF),
Rogers Police Department; CHRIS NEEDMAN,
DTF, Rogers Police Department; JUSTIN
INGRAM, DTF, Springdale Police Department;
CHRISTOPHER WAYNE FOSTER, Confidential
Informant; SHERIFF TIM HELDER, Washington
County, Arkansas; SHERIFF KELLY CRADDUCK,
Benton County, Arkansas; MICHAEL ROBERSON,
Washington County Public Defender; and DAVID
WILCOX, DTF                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Sara C. Chaisson, filed this civil rights action pursuant to 42 U.S.C. § 1983. She proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Federal Correctional Institution in Tallahassee, Florida. Plaintiff is currently serving a term of imprisonment for conspiracy to distribute a controlled substance--methamphetamine. United States v. Chaisson, No. 5:14-cr-50054-001 (Doc. 26).

When she filed this action, Plaintiff was incarcerated in the Washington County Detention Center in Fayetteville, Arkansas. Plaintiff maintains her constitutional rights were violated when the Defendants used a sexual predator as a confidential informant in order to set up a "controlled buy" of drugs.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen

-1-

any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I.  BACKGROUND

According to the allegations of the complaint, the law enforcement Defendants were assigned to, or supervised, a drug task force, for Washington and Benton Counties, that utilized Christopher Wayne Foster, also a named Defendant and a private business owner, as a confidential informant (CI). Plaintiff alleges that Foster "wore a wire" and was instructed to use whatever means necessary in order to make a controlled buy of illegal drugs from her. Plaintiff maintains Foster benefitted from the arrangement by "getting out of charges" in return for his work as a confidential informant.

Plaintiff alleges that Foster was a sexual predator. Plaintiff maintains the law enforcement Defendants allowed a sexual predator to take her out of town alone, to have sexual intercourse with her, and to do whatever it took to entrap her into selling him narcotics. Plaintiff maintains her life was endangered.

A questionnaire (Doc. 8) was sent to the Plaintiff to learn more about her claim that she was put in danger by the use of Foster as a CI. Her response was filed as an addendum to her complaint (Doc. 11).

In the addendum, she states she did not know Foster until he began working as a CI. Doc. 11 at ¶ 1. She indicates Foster did whatever was necessary to get close to her. Id. at ¶ 2. Plaintiff states she felt like she was mentally and emotionally forced to have sexual intercourse with Foster. Id. at ¶ 3. Specifically she states: "[h]is body language and comments scared me & made me feel threatened. He made comments like I am gonna rape & murder you." Id. She states she "was manipulated into having sex with him because if I wouldn't have he would have raped me I feel."

Id. She also indicates he became "physically abusive during sexual intercourse slapping & choking me." Id. at ¶ 4. Further, she states she "felt like I could not separate myself from him without being in danger of some sort." Id. at ¶ 5. Finally, she indicates she googled Foster's name and found out he had been charged with promoting prostitution, kidnaping, and aggravated assault on a young woman. Id. at ¶ 7.

Plaintiff also brings a claim against Michael Roberson, her public defender. She maintains that he attempted to extract funds from her to make her "charges go away." As relief, Plaintiff seeks compensatory and punitive damages.

## II. DISCUSSION

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

AO72A
(Rev. 8/82)

Certain of the claims asserted by Plaintiff are subject to dismissal. First, Michael Roberson, Plaintiff's public defender, is not subject to suit under § 1983. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived her of a federal right. In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. See also Gilbert v. Corcoran, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Second, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. 486-87. Plaintiff's claims of entrapment necessarily imply the invalidity of her conviction and therefore are not cognizable at this time. See e.g., Kramer v. Village of North Fond du Lac, 384 F.3d 856, 862 (7th Cir. 2004)(entrapment allegations in a § 1983 action would be barred under Heck because entrapment is a complete defense to the crime).

With respect to Defendants use of a confidential informant who was, according to the Plaintiff, a sexual predator, I believe Plaintiff states a non-frivolous claim. In general, the "states have no affirmative obligation to protect individuals against private violence." Hart v. City of Little Rock, 432 F.3d 801, 805 (8th Cir. 2005)(citing DeShaney v. Winnebago County Dep't of

Social Services, 489 U.S. 189, 197 (1989)). "Substantive due process does, however, require a state to protect individuals under two theories. First, the state owes a duty to protect those in its custody. Second, the state owes a duty to protect individuals if it created the danger to which the individuals are subjected." Hart, 432 F.3d at 805 (citation omitted).

Here, there was no custodial relationship. K.B. v. Waddle, 764 F.3d 821, 824 (8th Cir. 2014). Plaintiff voluntarily engaged in a drug transaction with the confidential informant. Thus, if a duty is owed to the Plaintiff, it must be based on the state created danger theory.

To establish a claim under the state-created danger theory, the Plaintiff must show that the State took affirmative action that increased the danger to Plaintiff. Id. The elements of such a claim require a Plaintiff to show that: (1) she is a member of a limited, precisely defined group; (2) Defendants' conduct put her at significant risk of serious, immediate, and proximate harm; (3) the risk was obvious or known to the Defendants; (4) Defendants acted recklessly in conscious disregard of the risk; and (5) in total, Defendants' conduct shocks the conscience. Hart, 432 F.3d at 805. While I entertain some doubt that the claims would survive the more rigorous standard applied at the summary judgment stage, I do not believe the claim is subject to dismissal at this stage.

### III. CONCLUSION

For the reasons stated, the following claims should be dismissed prior to service of process as the claims are frivolous or fail to state claims that are presently cognizable: (1) all claims against Michael Roberson; and (2) Plaintiff's entrapment claims.

By separate order, the complaint will be served on the Defendants.

AO72A
(Rev. 8/82)

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28 day of July 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)